UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS S. TROUP, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | CIVIL ACTION<br>NO. 06-10 (SLR)<br><br><br><br><br>CLASS ACTION |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR CLARIFICATION AND/OR REARGUMENT

This Court's June 12, 2006 Opinion in *Charles v. Pepco Holdings, Inc.,* 2006 WL 1652749 (D. Del. June 12, 2006), denied Defendants' motion to dismiss the complaint in that action, and the parties to this action had stipulated that the same motion and opposition would be deemed filed in this action. (D.I. 9). In denying the motion, this Court addressed all of Defendants' arguments but focused primarily on "[t]he paramount issue" of when plaintiffs' claims accrued. *Charles,* 2006 WL 1652749 at *2.

On June 22, 2006, Defendants moved for clarification and/or reargument on issues that were briefed by both sides and addressed by this Court. Thus, reargument is simply not available under these circumstances.

A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *In re DaimlerChrysler AG Securities Litigation,* 200 F. Supp. 2d 439, 441 (D. Del.2002) (citations omitted). The purpose of a motion for reconsideration is to "correct

manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). The purpose is not to "rehash arguments already briefed." *Dentsply Int'l. Inc. v. Kerr Mfg. Co.,* 42 F. Supp.2d 385, 419 (D. Del. 1999). In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d at 677). In this district, these types of motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See, e.g., Shering Corp. v. Amgen, Inc.,* 25 F. Supp.2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.,* 99 F.R.D. 99 (E.D. Va. 1983)). Moreover, even if the court has committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision. *See Pirelli Cable Corp. v. Ciena Corp.,* 988 F. Supp. 424, 455 (D. Del. 1998).

      Defendants' motion fails to identify any legal precedent that was unavailable to them prior to the issuance of this Court's opinion or any facts that may have been overlooked. To the contrary, this Court acknowledged all of Defendants' arguments in the opinion. The fact that the Court's opinion does not address every argument raised does not mean that the Court misunderstood Defendants' position. Accordingly, Defendants' motion should be denied.

CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Clarification and/or Reargument.

Dated: June 23, 2006                              **CHIMICLES & TIKELLIS LLP**

By: /s/A. Zachary Naylor
   Pamela S. Tikellis (#2172)
   Robert J. Kriner (#2546)
   A. Zachary Naylor (#4439)
   One Rodney Square
   P.O. Box 1035
   Wilmington, DE 19899
   302-656-2500 (telephone)
   302-656-9053 (fax)

   **CHIMICLES & TIKELLIS LLP**
   James R. Malone, Jr.
   (pro hac vice)
   Joseph G. Sauder
   (pro hac vice)
   One Haverford Centre
   361 West Lancaster Avenue
   Haverford, PA 19041
   610-642-8500 (telephone)
   610-649-3633 (fax)

   Attorneys for Plaintiffs