UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | CIVIL ACTION NO. 05-702 (SLR) |
| THOMAS S. TROUP, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | CIVIL ACTION NO. 06-10 (SLR) |

**STIPULATION AND [PROPOSED] ORDER RELATING
TO CONFIDENTIALITY OF DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, through their respective attorneys, hereby stipulate and agree as follows:

1.  **Designation of Information as Confidential Material.**  In connection with discovery proceedings in these actions, any person or entity producing or disclosing information, including non-parties from whom discovery is sought by subpoena, may designate as "Confidential" under the terms of this Stipulation and Order, any document, material or information containing non-public commercially valuable information, personal financial information that implicates the

privacy interests of employees and former employees of the defendants in this case, and other information properly within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. The designation of such material as Confidential shall only be made upon a good faith determination that the document, material or information is confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and the cases decided thereunder. Designation by any party or witness of a document, material or information as Confidential shall constitute a certification by the designating party or witness that the designation was based upon a good faith determination that the document, material or information is Confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and the cases decided thereunder.

      2.    **Procedure for Designation of Confidential Material.** The following procedure shall apply to designation of Confidential Material:

      a.    any document, material or information produced in response to any written discovery request may be designated as Confidential Material by the party or witness responding thereto by stamping the cover or first page of such document and each page containing Confidential Material "CONFIDENTIAL."

      b.    a party or witness may denominate any response to any written discovery request, and any appendix, exhibit or document pertaining to such response or document as Confidential Material by stamping such response or document in the manner described in paragraph 2(a) above.

      c.    counsel for any party or witness may designate deposition exhibits or testimony or any portion thereof as Confidential Material. No objection shall be interposed at deposition that an answer would elicit Confidential Material. At the time of deposition or within ten (10) days after receipt of the deposition transcript, counsel for any party or witness may designate exhibits or testimony or any portion thereof as Confidential Material, in which case the

reporter of the deposition shall place such exhibits and the transcription of testimony so designated in a separate volume marked in the manner described in paragraph 2(a) above. Any portion of a transcript designated as Confidential shall thereafter be treated as Confidential Material in accordance with this Stipulation and Order. Transcripts shall be treated as Confidential Material for a period of ten (10) days after receipt.

      3.      **Disclosure of Confidential Material.** Confidential Material shall be used solely for the purpose of this litigation (including any related litigation or any subsequently filed action consolidated with this action) and shall be disclosed only to the following persons:

      a.      counsel for any party engaged in the litigation of this action and professional, clerical, secretarial and other support personnel of such counsel;

      b.      the parties to this action;

      c.      experts retained to assist counsel for any party in this litigation;

      d.      persons who are identified in any document designated as Confidential as either an author or a recipient;

      e.      witnesses in the course of deposition or trial testimony in the good faith belief of counsel that examination with respect to Confidential Material is necessary for legitimate discovery or trial purposes, and any person who is being prepared to testify in the good faith belief of counsel that such a person may be a witness in this action and that his examination with respect to Confidential Material may be necessary in connection with that testimony;

      f.      this Court and its employees, the triers of fact and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers.

      4.      Prior to the disclosure of Confidential Material to any person described in paragraphs 3(c) above, counsel for the party disclosing Confidential Material shall (a) provide such person with a

copy of this Stipulation and Order; (b) advise them that the disclosure of Confidential Material is subject to its terms; and (c) obtain a written acknowledgment of the person to whom Confidential Material is to be shown that he or she is bound by the terms of this Stipulation and Order and is subject to the jurisdiction of this Court in connection with any proceedings to enforce its terms.

    5.    Each party's counsel shall be responsible for maintaining copies of acknowledgments he or she obtains in accordance with paragraph 4 above. No other party shall be entitled to obtain copies of such acknowledgments during the pendency of this action except as the Court may Order in the context of a dispute concerning compliance with the requirements of this Stipulation and Order.

    6.    **Disputes Relating to Disclosure and Use of Confidential Material.** This Stipulation and Order does not change the burden of any producing party or witness to establish that information is confidential under Rule 26 of the Federal Rules of Civil Procedure. If any party believes that a designation of any document, material or information by any other party or by any witness as Confidential Material is unwarranted, it may so inform the designating party or witness in writing. Upon receiving such written objection, the parties shall negotiate in good faith to resolve their differences, and upon failing to reach agreement at the completion of such negotiations, the party objecting to the designation may file a motion with the Court for a ruling on its objection. No public disclosure of any documents, material or information designated Confidential Material shall be made prior to the time when the Court determines that such designation was improper. In any proceeding challenging the propriety of the designation of any document, information or material as Confidential Material, the party or witness who has designated the document, material or information as Confidential shall bear the burden of establishing the proprietary of that designation.

    7.    **Filing of Papers Under Seal.** In filing with the Court any pleading, brief or other paper that quotes or contains Confidential Material, the following rules shall apply:

      a.    pleadings, motions, memoranda, briefs and other papers shall only be filed under seal if they either quote verbatim Confidential Material or set forth the substance of Confidential Material;

      b.    to the extent practicable, counsel shall file under seal only the portion of a pleading, motion, memorandum, brief or other paper that quotes or sets forth the substance of Confidential Material;

      c.    where, in counsel's good faith judgment, the quotation or discussion of Confidential Material in a particular motion, memorandum, brief or other paper is so pervasive as to render compliance with paragraph b impracticable, counsel are authorized to file the entire motion, memorandum, brief or other paper under seal;

      d.    papers submitted to be filed under seal shall bear a legend that identifies this Stipulation and Order.

      8.    **No Waiver of Rights.** This Stipulation and Order shall not be deemed a waiver of:

      a.    the right of any party or witness to object to any discovery requests on any ground or to seek a protective order with respect to any such discovery request;

      b.    the right of any party or witness to seek an order compelling discovery with respect to any discovery request;

      c.    the right of any party to object to the admission of any evidence on any ground;

      d.    the right of any party or witness to seek the modification of this Stipulation and Order upon reasonable notice to all other parties;

      e.    the right of any party or witness to disclose its own Confidential Material publicly;

    f.  no party shall be obligated to challenge the propriety of the designation of any material as Confidential Material and failure to do so promptly shall not preclude any subsequent objection to such designation or a motion to seek a determination as to the propriety to such designation or to otherwise modify the provisions of this Stipulation and Order.

  9.  **Trial.**  Counsel should address in the pretrial order how they propose to handle Confidential Material at trial.

  10.  **Other Proceedings.**  This Stipulation and Order is not intended to preclude another court from finding that the same information governed by it may be relevant and subject to disclosure in another case. Any person who is subject to this order receives a subpoena or discovery request that calls for production of Confidential Material governed by this Stipulation and Order shall promptly notify the party or witness of the subpoena or other discovery request. Nothing in this Stipulation and Order shall be deemed to authorize or to require any person subject to its terms to fail to comply with a subpoena, discovery request or order entered in another proceeding.

  11.  **Treatment of Confidential Material After Final Judgment.**  In the absence of an agreement to the contrary by a party or witness designating material as Confidential pursuant to the terms of this Stipulation and Order, or a duly entered Order of the Court, upon the final determination of this action and any and all appeals therefrom, each person receiving Confidential Material shall either;

    a.  return such material to the producing party or witness at such party's or witness' expense; or

    b.  shall destroy all such confidential material in its possession and control;

  c. the duty to return or destroy confidential material set forth in this paragraph has two limitations: *first*, the parties need not destroy work-product or turn over work-product to any other party; *second*, each party may retain one copy of any pleading or other paper filed of record with the Court.

Dated: July 18, 2006        **CHIMICLES & TIKELLIS LLP**

               By: /s/ A. Zachary Naylor
                 Pamela S. Tikellis (#2172)
                 A. Zachary Naylor (#4439)
                 One Rodney Square
                 P.O. Box 1035
                 Wilmington, DE 19899
                 302-656-2500 (telephone)
                 302-656-9053 (fax)

                and

              **CHIMICLES & TIKELLIS LLP**
                James R. Malone, Jr.
                (*pro hac vice*)
                Joseph G. Sauder
                (*pro hac vice*)
                One Haverford Centre
                361 West Lancaster Avenue
                Haverford, PA 19041
                610-642-8500 (telephone)
                610-649-3633 (fax)

              Attorneys for Plaintiffs

Dated: July 18, 2006        **PEPPER HAMILTON LLP**

               By: /s/ M. Duncan Grant
                 M. Duncan Grant (#2994)
                 Phillip T. Mellet (#4741)
                 Hercules Plaza, Suite 5300
                 1313 Market Street
                 Wilmington, DE 19899-1709
                 302-777-6500 (telephone)
                 302-421-8390 (fax)

and

**PEPPER HAMILTON LLP**

Susan Katz Hoffman
(*pro hac vice*)
Larry R. Wood, Jr.
Kay Kyungsun Yu
(*pro hac vice*)
Barak A. Bassman
(*pro hac vice*)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
215-981-4000 (telephone)
215-981-4750 (fax)

Attorneys for Defendants

**[PROPOSED] ORDER**

Approved and so Ordered this         day of                    , 2006.

**BY THE COURT:**

_____
Sue L. Robinson
Chief U.S. District Judge

8